IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| COASTAL TECHNOLOGIES, INC. | § | Bankruptcy No. 11-34020 |
| | § | |
| Debtor | § | (Chapter 11) |

### MOTION OF AMERICAN BANK, N.A. FOR IN REM RELIEF
### FROM AUTOMATIC STAY OF ACT CONCERNING PROPERTY

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST TWO (2) DAYS BEFORE THE HEARING. IF YOU FILE YOUR RESPONSE LESS THAN FIVE (5) DAYS BEFORE THE HEARING, YOU MUST SEND A COPY TO THE MOVANT BY FACSIMILE, BY HAND, OR BY ELECTRONIC DELIVERY. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON JUNE 10, 2011 AT 9:00 A.M. AT THE UNITED STATES COURT HOUSE, 515 RUSK AVENUE, COURTROOM 404, 4TH FLOOR, HOUSTON, TEXAS 77002.**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

AMERICAN BANK, N.A.( hereinafter "Movant"), secured creditor in this Chapter 11 proceeding, presents this Motion for In Rem Relief from Automatic Stay of Act Concerning Property. In support thereof, Movant would show the Court as follows:

### JURISDICTION

1.     This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334, as well as 11 U.S.C. § 362. This matter is a core proceeding.

AMERICAN BANK, N.A.'S MOTION FOR RELIEF FROM STAY  . . . . . . . . . . . . . . . . . . . . . . . . PAGE 1

2.     Debtor Coastal Technologies, Inc. (hereinafter "Debtor") filed its Voluntary Petition for Reorganization under Chapter 11 of the United States Bankruptcy Code on May 3, 2011 and remains in possession and control of its asset and business. Nancy Lynne Holley has been appointed as Trustee in this case. No official committees have been formed in this case.

## FACT BACKGROUND

3.     On or about September 19, 2008 Parkway Lakes Master, Ltd. (hereinafter "Parkway") executed a promissory note (the "Note") payable to the order of Movant American Bank, N.A., for the sum of FOUR MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($4,500,000.00). A true and correct copy of the Note is attached hereto as Exhibit A and incorporated herein by reference for all purposes. The Note was secured by a Deed of Trust on a tract of land containing 26.612 acres, located in the Joel E. McCrary Survey, Abstract Number 403, and the E.P. Whitehead Survey, Abstract Number 93, Fort Bend County (the "Property"). A true and correct copy of the Deed of Trust is attached hereto as Exhibit B and incorporated herein by reference for all purposes.

4.     On March 20, 2011, the maturity date, Parkway failed to pay Movant. As a consequence of non-payment, Movant made demand on Parkway for payment of the indebtedness owed. A true and correct copy of Movant's Demand Letter is attached hereto as Exhibit C and incorporated herein by reference for all purposes. Parkway, however, continued to fail to pay Movant. Therefore, on or about April 12, 2011, Movant notified Parkway that the Property had been posted for foreclosure and that the foreclosure sale was scheduled for Tuesday, May 3, 2011 at 1:00p.m. A true and correct copy of Movant's Demand for Payment and Foreclosure Notice is attached hereto as Exhibit D and incorporated herein by reference for all purposes.

5.    As of May 3, 2011, Parkway owed Movant $4,861,870.59, represented by $4,662,321.03 principal, plus $198,299.56 interest at the default rate of 18% and $1,260.00 in other costs and fees.

6.    On Tuesday, May 3, 2011, the date of filing this proceeding, at 10:30a.m., Parkway caused to be filed in the Fort Bend County Property Records a Special Warranty Deed conveying the Property to Debtor. A true and correct copy of the Special Warranty Deed is attached hereto as Exhibit E and is incorporated herein by reference for all purposes. The related Deed of Trust filed with the Special Warranty Deed indicates that it secures a note in the amount of EIGHT MILLION AND NO/100 DOLLARS ($8,000,000.00). A true and correct copy of the related Deed of Trust is attached as Exhibit F and is incorporated herein by reference for all purposes.

7.    Tuesday, May 3, 2011, the same day that Parkway conveyed the Property to Debtor, Debtor filed this voluntary Chapter 11 proceedings.

8.    As of the date Debtor filed its petition, there were multiple liens of record against the Property. Debtor's schedule reflects a debt owing to Parkway secured by the Property in excess of $3.95 million, although the corresponding deed of trust lien is for $8.0 million. As shown above, Movant's secured claim against the Property totals more than $4.80 million.

9.    Movant believes the present provable value of the Property to be $5.21 million. The amount of the liens against the Property far exceeds the Property's value.

### RELIEF REQUESTED

10.    Movant seeks relief from the automatic stay to allow it to foreclose on or repossess the Property and seeks to recover its costs and attorney's fees in an amount not to exceed the

maximum amount allowable by law. Additionally, Movant seeks an in rem order running with the land granting relief from the automatic stay to prevent further fraud and delay by Debtor and its Affiliates to Movant's detriment by additional transfers of the Property. Movant requests that the Order modifying Stay be made effective immediately for purposes of allowing Movant to post the property for a July foreclosure sale.

## JUSTIFICATION FOR THE RELIEF REQUESTED

11.    Movant seeks relief from the automatic stay of 11 U.S.C. § 362(a) for cause pursuant to 11 U.S.C. § 362(d)(1). Cause exists because Debtor's petition was filed in bad faith, as Movant believes Debtor was a shell entity created or utilized solely for the purpose of filing bankruptcy. The following is evidence that Debtor's petition was filed in bad faith:

- The Debtor has one asset, the Property, which was transferred to it on the eve of bankruptcy;

- Movant's security interest significantly encumbers the Property;

- Debtor likely has no employees and no available cash flow, considering its Charter has been forfeited since July 30, 2010;

- Debtor has very few unsecured creditors with relatively small claims, with all but one unsecured creditor, Ms. Jeanne Franck, being affiliated with and located at the same address as Debtor; and,

- The Property was posted for foreclosure and the foreclosure sale was to be conducted on the same day Debtor filed this petition in bankruptcy.

Moreover, Movant believes that Debtor was created solely for the purpose of filing bankruptcy, specifically Parkway transferred the Property to Debtor on the morning of foreclosure, and then Debtor filed bankruptcy to defraud Movant and delay foreclosure on the Property. Accordingly, the automatic stay should be terminated for cause because Debtor filed its petition in bad faith.

12.     Additionally and alternatively, Movant seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) because Debtor does not have any equity in the Property. According to Debtor's schedules, Parkway is owed more than $3.95 million of debt secured by the Property, even though the corresponding deed of trust lien reflects an $8 million secured by the Property. Additionally, Movant's claim, which is also secured by the Property, exceeds $4.86 million. Consequently, some $12 million in debt is secured by the Property. Therefore, there is no equity in the Property for the benefit of the Debtor, and thus the stay should be terminated.

13.     Additionally and alternatively, Movant submits that it is entitled to relief from the automatic stay under Section 362(d)(4) because Parkway transferred the Property to Debtor and Debtor filed this petition for bankruptcy as part of a scheme to delay, hinder, and defraud Movant. As stated above, Movant believes that Parkway transferred the Property to Debtor on the morning of foreclosure and Debtor immediately filed bankruptcy solely to defraud Movant and delay foreclosure of the Property. Accordingly, the stay should be terminated because Debtor's petition was filed as part of a scheme to delay, hinder, and defraud Movant.

14.     For the reasons stated above, Movant is entitled to relief from the automatic stay under Section 362(d)(1), (2) & (4) to allow Movant to foreclose on or repossess the Property. Additionally, the Court should enter an in rem order terminating the stay, preventing future fraud and/or delay tactics by Debtor or its affiliates by further illegitimate transfers of the Property.

WHEREFORE, PREMISES CONSIDERED, AMERICAN BANK, N.A. prays that upon consideration hereof its Motion for In Rem Relief from Automatic Stay of Act Concerning Property be granted, that the relief requested herein be approved and granted; that the Order modifying the Automatic Stay be made effective immediately for purposes of allowing American

Bank to post the property for a July foreclosure sale; and for such other relief to which it may be entitled.

Respectfully submitted,

By:   /s/   Craig E. Power
CRAIG E. POWER
Fed Bar No. 3868
Bar No. 16210500
cpower@cbylaw.com
ABBIE G. SPRAGUE
Fed Bar No. 1125904
Bar No. 24074244
agallimore@cbylaw.com
1221 Lamar, 16th Floor
Houston, Texas 77010
(713)535-5500
Fax: (713)535-5533

J. DAVID DICKSON
LARRY E. KELLY
Bar No. 05839500
dickson@thetexasfirm.com
BEARD KULTGEN BROPHY BOSTWICK
DICKSON & SQUIRES, LLP
220 South Fourth
Waco, Texas 76701
(254) 776-5500
Fax: (254) 776-3591

## CERTIFICATE OF CONFERENCE

I certify that I attempted to confer with counsel for Debtor by telephone at 10:30 a.m. on Friday, May 13, 2011 but was unable to reach him. His receptionist put me into his voicemail and I left a substantive message asking that he return the call. I had no return call by 11:30 on Monday, May 16, 2011 so I once again called the telephone number for counsel for Debtor. I received a message that my call could not be completed and that I should try back later. I tried again at 11:40 a.m. and 11:55 a.m. on May 16, 2011 and on each occasion got the message that said my call could not be completed and that I should try again later. Accordingly, it appears a hearing will be necessary.

/s/  Craig E. Power
CRAIG E. POWER

## CERTIFICATE OF COMPLIANCE WITH BLR 4001

Movant certifies that movant has complied with Bankruptcy Local Rule 4001.

/s/  Craig E. Power
CRAIG E. POWER

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing document were served on May 16, 2011 by Electronic Filing, United States First Class Mail and/or by Certified Mail, Return Receipt Requested, to Debtors, Debtors' Counsel, US Trustee, and parties listed on the attached service list.

Coastal Technologies, Inc.
21711 FM 1093
Richmond, Texas 77407
**Debtors**

Richard L. Fuqua, II
FUQUA & ASSOCIATES, PC
5005 Riverway, Suite 250
Houston, Texas 77056
**Attorney for Debtors**

Nancy Lynne Holley
515 Rusk Avenue, Suite 3516
Houston, Texas 77002
**Trustee**

Internal Revenue Service
Special Proc. Bankr. Sect. 5022HOU
1919 Smith
Houston, Texas 77002

Jeanne Franck
15923 Viney Creek
Houston, Texas 77095

Parkway Lakes Development, Inc.
21711 FM 1093
Richmond, Texas 77407

Parkway Lakes Master, Ltd.
21711 FM 1093
Richmond, Texas 77407

Sun Coast Financial, Inc.
21711 FM 1093
Richmond, Texas 77407

___/s/___ Craig E. Power_____
CRAIG E. POWER

F:\WPDOCS\4223001\Pleadings\ags mtn relief from stay.wpd